IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD JAMES BAILEY,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARTIN O'MALLEY, *Commissioner of Social Security*,<br><br>  Defendant. | Case No. 24-cv-00103-DKW-WRP<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**[1] |

   Plaintiff Richard Bailey moves for leave to proceed without prepaying fees or costs in this action appealing a decision by the Social Security Administration ("IFP Application"). Dkt. No. 4.

   Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating the inability to pay. Although Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he must nevertheless "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Bailey has satisfied the requirements of Section 1915(a). In his IFP Application, Bailey explains that his monthly income consists of $1,200 in take-home pay[2] and $173 in food stamps. Dkt. No. 4 at 1. Although he has $2,200 in a checking or savings account, he has no items or assets of value. *Id.* at 2. Finally, the monthly expenses for his rent, cell phone, food, clothing, and vehicle total $1,150.[3] *Id.*

As such, once Bailey's monthly expenses are taken into account, he would have $223 per month in income—an amount significantly *less* than the $405 filing fee. In light of Bailey's limited income[4] and savings, the Court therefore finds that he lacks the ability to pay the filing fee for this action while still being able to afford the necessities of life. *See Escobedo*, 787 F.3d at 1234–36. Bailey's IFP Application, Dkt. No. 4, is therefore GRANTED.[5]

---

[2]Bailey additionally lists his gross pay as being $18.48 a month. Dkt. No. 4 at 1. As this amount is facially implausible—particularly given his take-home pay—this appears to be a typographical error. Nevertheless, given Bailey's take-home pay, savings, and expenses, any uncertainty as the amount of his gross pay does not affect the Court's decision.

[3]More granularly, Bailey's monthly expenses include $250 for rent, $75 for his cell phone, $150 for gas, $75 for car insurance, $200 for food, $100 for clothing, and $300 for car repairs and oil changes. Dkt. No. 4 at 2.

[4]Based on Bailey's take-home pay, his income falls below the poverty threshold identified in the Department of Health and Human Services' ("HHS") 2024 Guidelines for Hawaiʻi. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

[5]Rule 3 of the Supplemental Rules for Social Security Actions provides that plaintiffs are *not* required to serve summons and complaints in actions for review of social security decisions. *See*

IT IS SO ORDERED.

DATED: March 11, 2024 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Richard James Bailey vs. Martin O'Malley*; Civil No. 24-00103 DKW-WRP; **ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

---

Fed. R. Civ. P. Supp. Soc. Sec. R. 3.  Accordingly, it is unnecessary for the Court to direct service of Bailey's Complaint.